# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| World Nutrition Incorporated, | No. CV-19-00265-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Advanced Enzymes USA, et al., | |
| Defendants. | |

Pending before the Court is Defendant Advanced Supplementary Technologies Corp.'s ("Defendant")[1] Motion to Dismiss Plaintiff's First Amended Complaint (Doc 35). For the following reasons, the motion is denied.[2]

## BACKGROUND

Plaintiff World Nutrition, Inc. ("Plaintiff") is engaged in the business of selling nutraceuticals, including Vitalzym, an enzyme product. Defendant is similarly engaged in the manufacture and selling of enzyme products. Both Plaintiff and Defendant sell their respective products in health food stores and online. Plaintiff and Defendant are direct competitors.

---

[1] Plaintiff erroneously brings this action against "AST Enzymes dba Specialty Enzymes & Biotechnologies Co., Specialty Enzymes & Probiotics, and AST Enzymes. Defendant is properly named Advanced Supplementary Technologies Corp. dba AST Enzymes.

[2] The request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

On its website, Defendant advertises that its products contain enterically coated Serrapeptase—an element required for the product to be effective. Plaintiff asserts that Defendant's products do not contain the enterically coated Serrapeptase or any other enterically coated blend.

Plaintiff brings this action asserting false advertising in violation of the Lanham Act and unfair competition. Defendant moves to dismiss Plaintiff's complaint because (1) it is barred by the applicable statute of limitations; (2) it is barred by the equitable doctrine of laches; and (3) it fails to meet the requisite pleading standard. Defendant also argues that dismissal of the federal claim justifies dismissal of the remaining state law claim for lack of subject matter jurisdiction.

**DISCUSSION**

**I.     Judicial Notice**

In support of its Motion to Dismiss, Defendant asks the Court to take judicial notice of twelve documents. The documents consist of public court documents from cases in which Plaintiff was involved in this District[3] and documents published on the internet and retrieved by the Wayback Machine.[4] All documents are offered, not to prove the truth of facts contained therein, but to show Plaintiff had notice of Defendant's alleged misconduct in 2009 or earlier.

A district court generally will not consider evidence or documents beyond the complaint in the context of a 12(b)(6) motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

---

[3] The Plaintiff was previously sued in this district for making the same false advertisement that it now accuses Defendant of making (i.e. that its products were enterically coated). *Marlyn Nutraceuticals v. World Nutrition, Inc.*, CV 02-01876-PHX-HRH (D. Ariz. 2002). The public documents proposed for judicial notice from this case include a transcript excerpt of the *Marlyn* plaintiff's attorney's (now Plaintiff's attorney) closing argument; (2) a transcript of Plaintiff's CEO's sworn testimony; and a motion for new trial filed by Plaintiff. Plaintiff also filed bankruptcy in this district and Defendant asks the Court to take judicial notice of Plaintiff's voluntary bankruptcy petition. 2:09-bk-23822-BMW (D. Ariz. 2009).

[4] The Wayback Machine is a non-profit internet archive.

Rule 56."). However, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, *or matters of judicial notice*—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added). Such documents may be treated as part of the complaint. *Id.*

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Plaintiff claims the court documents presented for judicial notice are irrelevant. Defendant was not a party to the prior actions, and the documents presented do not clearly establish that Plaintiff knew or should have known of Defendant's alleged misconduct outside the limitations period. Accordingly, the Court declines to take judicial notice of the court documents because they are irrelevant at this stage of the proceeding.

With respect to the website articles, Plaintiff argues that it is inappropriate to take judicial notice of website activity to establish when Plaintiff became aware of Defendant's alleged misconduct. *Children's Miracle Network v. Miracles for Kids, Inc.*, 8:18-cv-01227-JLS-KES, 2018 WL 8243998, at *3 (C.D. Cal Dec. 6, 2018) (declining to take judicial notice of the defendant's social media activity about the defendant to prove that the plaintiff should have been aware of the defendant's alleged misconduct on a certain date). However, Defendant asks the Court to take judicial notice of online articles published by Plaintiff and Plaintiff's counsel.[5] The Court agrees that a defendant's online activity being offered to prove a plaintiff's knowledge is a question of fact improper for judicial notice. *Id*. However, it does not necessarily follow, and Plaintiff does not argue, that it is similarly

---

[5] The Court takes judicial notice of (1) an article published by Plaintiff's counsel regarding the *Marlyn* case; (2) an article published by Plaintiff in 2010 claiming that two of Defendant's products experienced significant activity loss, a common occurrence if the enzyme is not enterically coated, during Plaintiff's independent testing of the products; and content from certain websites illustrating Plaintiff's contact information has remained consistent since 2011.

1  inappropriate to take judicial notice of a plaintiff's own public internet activity to show that
2  the plaintiff had knowledge of certain facts at a particular time. Thus, the Court takes
3  judicial notice of plaintiff's online articles, not for the truth of the facts contained therein,
4  but for the purpose of establishing when Plaintiff was aware, or should have been aware,
5  of Defendant's alleged misconduct. *See UL LLC v. Space Chariot, Inc.*, 250 F. Supp. 3d
6  596, 616 n.2 (C.D. Cal. 2017) (taking judicial notice of historic websites captured on the
7  Wayback Machine "because they can be accurately and readily determined from sources
8  whose accuracy cannot reasonably be questioned") (internal quotations omitted).

## II. Motion to Dismiss

### A. Legal Standard

A party may move to dismiss a complaint for "failure to state claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations, however, are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### B. Analysis

#### i. Statute of Limitations

It is not clear in this Circuit whether a statute of limitations defense is available against Lanham Act claims. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002) (noting that Ninth Circuit precedent has "failed to consider whether Congress intended that laches, as opposed to the statute of limitations, be the sole

timeliness defense available to [Lanham Act] claims" and declining to affirmatively hold that the statute of limitation defense is inapplicable). Since the *Jarrow* decision, at least one district court in this Circuit has recognized a statute of limitation defense to Lanham Act claims. *See Baby Trend, Inc. v. Playtex Products, LLC*, 5:13–cv–647–ODW(RZx), 2013 WL 4039451, at *3 (C.D. Cal. Aug. 7, 2013) (applying California's statute of limitations for fraud to false advertising claims under the Lanham Act).

However, the Court need not decide whether the defense is available because Plaintiff's claims cannot be determined to be time barred by the statute of limitations at this stage in the proceedings. A complaint cannot be dismissed on statute of limitation grounds unless "the running of the statute of limitations is apparent on the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013); *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.").

Because many Lanham Act claims allege ongoing violations, "the statute of limitations is conceivably only a bar to monetary relief for the period outside of the statute of limitations; the plaintiff is free to pursue monetary and equitable relief for the time within the limitations period." *Jarrow*, 304 F.3d at 837. In the complaint, Plaintiff alleges that Defendant's violations are ongoing. (*See* Doc. 1 at 6) ("[I]n connection with the sale of the [Defendant's] products, [Defendants][6] *are* making false and misleading descriptions/statements of fact . . .") (emphasis added). "Therefore, even if the Court assumes a statute of limitations defense may bar some portion of [Plaintiff's] claims, [Plaintiff] still would be entitled to pursue damages based on activity that occurred within the statute of limitations period." *Levi Strauss & Co. v. Papikian Enterprises, Inc.*, C 10–05051 JSW, 2011 WL 3739550, at *4 (N.D. Cal. Aug. 24, 2011) (denying the defendant's motion for summary judgment on the plaintiff's Lanham Act claims on this basis).

---

[6] Plaintiff attributes this conduct to Defendant by listing the erroneous DBAs Plaintiff brought this action against. *Supra* n.1

- 5 -

Because it is not "beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," Defendant's Motion to Dismiss on this ground is denied.

### ii. Laches

"Laches will generally bar a claim when the delay in filing suit is unreasonable and results in prejudice to the opposing party." *League of Ariz. Cities & Towns v. Martin*, 219 Ariz. 556, 558, 201 P.3d 517, 519 (2009) (citing *Sotomayor v. Burns*, 199 Ariz. 81, 83, 13 P.3d 1198, 1200 (2000)). "[A] claim of laches depends on a close evaluation of all the particular facts in a case" and thus is rarely appropriate for resolution at the motion to dismiss phase. *Kourtis v. Cameron*, 419 F.3d 989, 1000 (9th Cir. 2005), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). In asserting the defense of laches at this stage, "the defendant must rely exclusively upon the factual allegations set forth in the complaint." *Id.*

Here, the complaint simply does not provide sufficient factual allegations to conclude that Plaintiff unreasonably delayed in filing suit or that Defendant was prejudiced by this delay. For example, Defendant's arguments of prejudice (i.e. loss of evidence due to the delay, and Defendant's inability to change the identity of its product in the minds of the public) require factual determinations that are not appropriate at the motion to dismiss stage. Defendant's laches defense is premature, and its Motion to Dismiss on this ground is denied.

### iii. Rule 9(b)

To prove a Lanham Act false advertising claim, Plaintiff must allege "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement." *Southland Sod Farms v. Stover See Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

The parties agree that Plaintiff's Lanham Act claim is subject to the heightened pleading standard of Rule 9(b). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citations omitted) (alteration in original). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Here, Defendant argues that Plaintiff's allegations are insufficient to meet the Rule 9(b) standard because they are grounded in information and belief. "[A]llegations of fraud based on information and belief usually do not satisfy the particularity requirements under rule 9(b)" *Moore v. Kayport Package Express, Inc*, 885 F.2d 531, 540 (9th Cir. 1989). "However, the rule may be relaxed as to matters within the opposing party's knowledge." *Id.* This is particularly true in cases of corporate fraud, where plaintiffs do not have personal knowledge of all the underlying facts. *Id.* "In such cases, the particularity requirement may be satisfied if the allegations are accompanied by a statement of the facts on which the belief is founded." *Id.* (internal quotations and citations omitted).

Plaintiff quotes many of Defendant's advertisements proclaiming that the benefits of Defendant's products are in large part due to the enteric coated Serrapeptase. Plaintiff then asserts that "[u]pon information and belief, [Defendant's] Products do not contain enterically coated Serrapeptase or any enterically coated blend." (Doc. 1 at 6.) Plaintiff identifies specific misstatements, the way the statements appeared, and the manner in which the statements are false or misleading. These facts are sufficient to give Defendant notice of the circumstances constituting the allegation of fraud for Defendant to defend against the charge. *See Semegen v. Weidner*, 780 F.2d 727, 735 (9th Cir. 1985) ("[A] pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.") (internal

quotations omitted). The fact that the fraud is alleged based on information and belief is not dispositive. *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439–40 (9th Cir. 1987) (finding that the plaintiff's complaint satisfied Rule 9(b) despite relying on "information and belief" where the allegations were "precise").

Defendant emphasizes the lack of allegations concerning how or when Plaintiff came to know Defendant's advertisements were false. Defendant asserts the omission is "undoubtedly intentional" because Plaintiff cannot make the desired allegations without "fatally time barring its claim." (Doc. 35 at 17). However, Defendant does not cite authority that requires these allegations be pled to state a valid claim under the Lanham Act. To the contrary, a complaint is not required to anticipate or overcome affirmative defenses such as statute of limitations or laches. *See U.S. Commodity Futures Trading Commission v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019); *see also* Fed. R. Civ. P. 8(c) (listing laches and statute of limitations as affirmative defenses). Plaintiff correctly notes that these issues may be relevant for discovery but do not support the argument that Plaintiff's claim is not adequately alleged. Defendant's Motion to Dismiss on this ground is denied.

## CONCLUSION

Defendant has failed to show that it is beyond doubt that Plaintiff cannot adequately allege the timeliness of its claims. Additionally, Plaintiff's complaint meets the requirements of Rule 9(b). As a result, Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) is denied. Because the Court is not dismissing Plaintiff's federal Lanham Act claim at this time, Defendant's Motion to Dismiss the state law claim for lack of subject matter jurisdiction is also denied.

**IT IS THEREFORE ORDERED** that Defendant Advanced Supplementary Technologies Corp.'s Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 35) is **DENIED**.

**IT IS FURTHER ORDERED** directing Defendants to file an answer to the First Amended Complaint **within fourteen (14) days** of the date of this Order. The parties' obligations to produce the information called for in the MIDP within 30 days of the filing

of an answer, as set forth in paragraph (A)(6) of the General Order, will be triggered by Defendants filing of an answer.

Dated this 7th day of November, 2019.

_____
G. Murray Snow
Chief United States District Judge