**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| World Nutrition Incorporated,<br><br>        Plaintiff,<br><br>v.<br><br>Advanced Enzymes USA, et al.,<br><br>        Defendants.<br>AST Enzymes,<br><br>        Counter-claimant,<br><br>v.<br><br>World Nutrition Incorporated,<br><br>        Counter-defendant. | No. CV-19-00265-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff/Counter-defendant World Nutrition Inc. ("WNI")'s Motion to Amend/Correct Complaint, (Doc. 63), and Defendant/Counter-claimant Advanced Supplementary Technologies Corp. ("AST")'s Motion to Amend Counterclaim, (Doc. 76). For the following reasons, WNI's Motion is granted in part and denied in part and AST's Motion is granted.[1]

/ / /

/ / /

---

[1] WNI does not object to AST's Motion to Amend Counterclaim. Finding no basis to deny the Motion, the Court grants AST's Motion to Amend Counterclaim.

# BACKGROUND

WNI is engaged in the business of selling nutraceuticals, including enzyme products. AST is similarly engaged in the selling of enzyme products. WNI and AST are direct competitors. On AST's website, it advertises that its products contain enterically coated Serrapeptase and Nattokinase—elements required for the products to be effective. WNI asserts that AST's products do not contain the enterically coated Serrapeptase, Nattokinase, or any other enterically coated blend.

In its First Amended Complaint, WNI asserts claims against AST for false advertising in violation of the Lanham Act and unfair competition. AST filed an answer and counterclaim in this action after the Court denied its Motion to Dismiss Plaintiff's First Amended Complaint. The parties submitted their responses to the Mandatory Initial Discovery Requests ("MIDR") in December 2019.

WNI contends that AST's responses to the MIDR revealed that additional persons and entities may be properly joined as defendants in this action. WNI now seeks leave to file its proposed Second Amended Complaint ("proposed SAC") adding six new defendants (collectively, the "Proposed Defendants"). The Proposed Defendants include: (1) Cal-India Foods International doing business as Specialty Enzymes & Probiotics and Specialty Enzymes & Biotechnologies ("SEB"), a California corporation; (2) Advanced Enzyme Technologies Limited ("AET Limited"), an India corporation; (3) Chandrakant Laxminarayan Rathi ("C.L. Rathi") and (4) his wife, Savita Chandrakant Rathi ("Savita Rathi"), both residents of India; and (5) Vasant Laxminarayan Rathi ("Vic Rathi") and (6) his wife, Prabha Rathi, both residents of California.[2]

WNI contends that AST and the Proposed Defendants belong to the same family of companies. AST and SEB are sister companies, both wholly-owned subsidiaries of Advanced Enzymes USA,[3] which in turn is a subsidiary of AET Limited. Vic Rathi and

---

[2] C.L. Rathi, Savita Rathi, Vic Rathi, and Prabha Rathi are hereinafter referred to as the "Proposed Rathi Defendants."

[3] Advanced Enzymes USA is also a wholly owned subsidiary of AET limited for the sole purpose of controlling other companies. Advanced Enzymes USA is the parent company of AST and SEB but is not a proposed defendant to this action.

C.L. Rathi are members of the Board of Directors of AET Limited and Advanced Enzymes USA. Vic Rathi is also a member of the Board of Directors of AST and SEB.

AST asserts that the Court should deny WNI's Motion to Amend as futile because the Court lacks personal jurisdiction over five of the Proposed Defendants and because the Proposed Defendants are not proper defendants to WNI's Lanham Act and unfair competition claims. AST further asserts that it will be unduly prejudiced if WNI's request for leave to amend is granted.

# DISCUSSION

## I. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## II. Analysis

### A. Personal Jurisdiction

AST first argues that WNI's request for leave to amend should be denied because WNI has not and cannot meet its burden of proving that the Court has personal jurisdiction over AET Limited or the Proposed Rathi Defendants (AST does not extend this argument to SEB). At this stage of litigation, Plaintiff need only make a prima facie showing of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004) ("Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts.") (internal quotations omitted). Although the plaintiff cannot "simply rest on the bare allegations of its complaint," uncontroverted allegations in the complaint must be taken as true and factual disputes are resolved in the plaintiff's favor. *Id.*

Where no federal statute governing jurisdiction applies, a federal district court applies the law of the state in which the district court sits. *Id.* Because Arizona's long-arm

statute is coextensive with federal due process requirements, Ariz. R. Civ. P. 4.2(a), the jurisdictional analyses under state and federal due process are the same. For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger* 374 F.3d at 801 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). Personal jurisdiction may be either general or specific. *See Daimler AG v. Bauman*, 571 U.S 117, 126–27 (2014).

WNI need only make a prima facie showing of jurisdiction; however, the proposed SAC fails to establish even a prima facie case of general personal jurisdiction. For general personal jurisdiction to exist over a nonresident defendant, "the defendant must engage in continuous and systematic general business contacts that approximate physical presence in the forum state." *Schwarzenegger*, 347 F.3d at 801. WNI does not dispute that the proposed SAC does not allege any of the Proposed Defendants have the requisite continuous and systematic contacts with Arizona.

Specific personal jurisdiction exists over a non-resident defendant if (1) the non-resident defendant purposefully directed his activities or consummated some transaction with the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e. is reasonable. *Id.* at 802. In non-contract suits the Ninth Circuit applies the *Calder* "effects" test to satisfy the first prong of the specific personal jurisdiction analysis. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The "effects" test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*

/ / /

/ / /

### 1. Purposeful Direction or Availment With Respect to the Forum.

#### a. Intentional Act

Here, the proposed SAC fails to allege that Savita or Prabha Rathi acted at all with respect to the alleged tortious activities. Thus, the proposed SAC lacks sufficient allegations to establish even the first prong of the effects test with respect to them.

However, the proposed SAC does adequately allege that AET Limited and Vic and C.L. Rathi acted intentionally by alleging that AET limited and SEB "work together to produce the false statements," (Doc. 63 at 20), and that Vic and C.L. Rathi "participated in the perpetration of the false statements," *id.* at 21.

#### b. Expressly Aimed

The express aiming requirement of the "effects" test is satisfied when the defendants are "alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant[s] know[] to be a resident of the forum state." *Dole*, 303 F.3d at 1111. The proposed SAC, however, lacks any suggestion that any of the Proposed Defendants targeted WNI or even knew that WNI is an Arizona resident or that the alleged false statements would have an effect in Arizona. The proposed SAC merely alleges that AET limited and Vic and C.L. Rathi participated in producing the false claims that certain AST products were enterically coated. Promulgating this false claim, alone, does not imply that any resulting harm was targeted at WNI or within Arizona. Even if these conclusory allegations are construed to suggest that AET Limited and Vic and C.L. Rathi foresaw that the false statements would affect WNI, the effects test requires more than foreseeability. *Schwarzenegger*, 374 F.3d at 804 ("'[S]omething more' than mere foreseeability" is required "to justify the assertion of personal jurisdiction" under the *Calder* effects test).

In contrast, the proposed SAC alleges that AST compared its product to a WNI product suggesting that the WNI product was inferior. This is the type of targeting required. However, it is worth noting that the proposed SAC specifically attributes this conduct to AST and fails to allege that the any of the proposed defendants participated in promulgating this comparison. The proposed SAC therefore fails to satisfy the express aiming

- 5 -

requirement of the effects test and consequently fails to state a prima facie case of specific personal jurisdiction against AET Limited, Vic Rathi, and C.L. Rathi.

However, while the proposed SAC lacks adequate allegations to support personal jurisdiction over AET Limited and the Proposed Rathi Defendants, it is not clear that its deficiencies cannot be cured.[4] Thus, WNI's Motion to Amend Complaint is denied without prejudice with respect to the claims against AET Limited and the Proposed Rathi Defendants.

### B.     Proper Defendants

AST next argues that the proposed amendment is futile because each proposed defendant would be dismissed in a future dispositive motion as an improper defendant under both WNI's Lanham Act and unfair competition claims. Because the proposed SAC fails to allege sufficient facts to establish personal jurisdiction over AET Limited and the Proposed Rathi Defendants, the Court will limit the "proper defendants" analysis to SEB, whose jurisdiction is not challenged by AST.

To determine whether an amendment is futile, the Court uses the same standard as it would when considering a 12(b)(6) motion to dismiss. *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqubal*, 556 U.S. 662 (2009). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.* Joint tortfeasor liability for false advertising under the Lanham Act is "available only when the defendant has knowingly participated in the creation, development and propagation of the . . . false advertising campaign. . . ." *In re Century 21-*

---

[4] AST provides a declaration from Luis Giraldy, the Director of Sales and Marketing at AST, to support its claim that this Court lacks specific personal jurisdiction over the Proposed Defendants. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (explaining that courts may consider evidence presented in affidavits when determining if a prima facie showing of personal jurisdiction has been made). Giraldy states, with respect to each Proposed Defendant, that they are not involved in the marketing or advertising of AST products. Giraldy, however, does not have personal knowledge of the Proposed Defendants alleged involvement in creating or developing the false statements that the Serrapeptase or Nattokinase were enterically coated. Thus, his declaration does not conclusively establish that facts establishing that the Proposed Defendants targeted WNI cannot be alleged.

*RE/MAX Real Estate Advert. Claims Litig.,* 882 F. Supp. 915, 925 (C.D. Cal. 1994) (quoting *Gillette Co. v. Wilkinson Sword, Inc.*, 795 F. Supp. 662, 663 (S.D.N.Y. 1992)). AST asserts, and WNI does not dispute, that Rule 9(b) is the applicable pleading standard.[5] "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations and citations omitted) (omission in original).

The proposed SAC alleges that SEB "worked together" with AST to produce the false statements that the AST products were enterically coated and that SEB knew or should have anticipated that AST would rely and act upon the false claims. These somewhat conclusory allegations are supported by the factual assertions that AST purchases the AST Products and/or the enterically coated enzymes from SEB and that SEB publicly claims some of the products at issue as its own. (Doc. 63 at 18, 20.) These allegations, taken together, shed sufficient light on SEB's alleged misconduct to provide it notice so that it can defend against the charge that it knowingly participated in the creation, development, or promulgation of the alleged false advertising campaign.[6] Thus, WNI's

---

[5] The Ninth Circuit has not confirmed that Rule 9 applies to Lanham Act claims, but district courts in this circuit routinely apply Rule 9(b)'s heightened standard to Lanham Act claims grounded in fraud. *See Monster Energy Co. v. Vital Pharm., Inc.*, No. EDCV181882JGBSHKX, 2019 WL 2619666 (C.D. Cal. May 20, 2019) (collecting cases).

[6] AST also argues that any amendment adding SEB will be futile because WNI will not be able to establish standing to bring false advertising or unfair competition claims against them as they are not direct competitors. AST relies on one Ninth Circuit case from 2005 and a 2010 case from the Eastern District of California to support this position. *See Jack Russell Terrier Network v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005) ("[F]or standing pursuant to the 'false advertising' prong of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), a plaintiff must show: (1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant.") (citation omitted); *Jurin v. Google, Inc.*, No. 2:09-cv-03065-MCE-KJM, 2010 U.S. Dist. LEXIS 93253, at *10 (E.D. Cal. Sep. 7, 2010) (granting motion to dismiss as to false advertising claim because "[w]ithout a showing of direct competition, Plaintiff cannot sustain a claim for false advertising"). However, in 2014, the United States Supreme Court held that "[t]o invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components*, Inc., 572 U.S. 118, 140 (2014). Status as a direct competitor is not required. Rather, the Supreme

Motion to Amend is granted with respect to adding SEB as a defendant.

**III.   Undue Delay**

AST argues that WNI's Motion to Amend was filed with undue delay because WNI has been aware of the corporate structure of the Proposed Defendants for years. However, mere knowledge of a potential defendant's existence is not necessarily sufficient grounds to add those persons as parties. WNI claims it was not aware "of [the Proposed Defendants'] knowledge and participation in the false claims" until it received AST's MIDR. (Doc. 73 at 13.) Moreover, this case is in its infancy stages; no discovery beyond the MIDR has been conducted. AST's claim that it will have to "adjust its strategy and engage in more complex coordination" is not a sufficient claim of prejudice to warrant denying WNI an opportunity to amend its complaint. (Doc. 66 at 22.)

## CONCLUSION

Because the proposed SAC fails to allege sufficient facts to establish personal jurisdiction over AET Limited and the Proposed Rathi Defendants, the Motion to Amend is futile to the extent it seeks to add them as parties to this action. The Motion is granted, however, with respect to SEB. To the extent the motion is denied, it is denied without prejudice; conversely, to the extent the motion is granted it is granted without prejudice to SEB raising appropriate defenses on its own behalf. Should WNI choose to file a third amended complaint it must resolve the deficiencies identified herein. The Court finds no basis to deny AST's unopposed Motion to Amend Counterclaim. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counter-defendant World Nutrition Inc. ("WNI")'s Motion to Amend/Correct Complaint (Doc. 63) is **GRANTED** in part and **DENIED** in part as follows:

1.   The Motion is granted with respect to amending the complaint to add SEB as a party to this action.

---

Court explained that a direct-competitor test "distort[s] the statutory language[;] . . . It is thus a mistake to infer that because the Lanham Act treats false advertising as a form of unfair competition, it can protect only the false-advertiser's direct competitors." *Id.* at 136. The Court is therefore not persuaded that any amendment adding AET Limited or SEB is futile for lack of standing at this time.

- 8 -

    a. The Motion is granted without prejudice to SEB moving to dismiss the claims asserted against it on its own behalf.

  2. The Motion is denied without prejudice with respect to amending the complaint to add AET Limited, C.L Rathi, Savita Rathi, Vic Rathi, and Prabha Rathi.

  **IT IS FURTHER ORDERED** that Defendant/Counter-claimant AST's Motion to Amend Counterclaim (Doc. 76) is **GRANTED**. AST shall file its Amended Counterclaim forthwith.

  Dated this 22nd day of June, 2020.

_____
G. Murray Snow
Chief United States District Judge