**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| World Nutrition Incorporated, | No. CV-19-00265-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Advanced Enzymes USA, et al., | |
| Defendants. | |
| AST Enzymes, | |
| Counter-claimant, | |
| v. | |
| World Nutrition Incorporated, | |
| Counter-defendant. | |

Pending before the Court is Defendant Cal-India Foods International's ("Cal-India") Motion to Dismiss (Doc. 89) and its accompanying Requests for Judicial Notice (Docs. 90, 98).  Also before the Court is Plaintiff World Nutrition Incorporated's ("World Nutrition") Request for Judicial Notice.  (Doc. 94).  For the following reasons, Cal-India's Motion to Dismiss is denied and the Requests for Judicial Notice are denied as moot.

## BACKGROUND

World Nutrition is engaged in the business of selling nutraceuticals, including Vitalzym, an enzyme product.  Cal-India manufactures custom formulated enzymes and

sells its products to Defendant Advanced Supplementary Technologies Corporation ("AST"), a direct competitor of World Nutrition. World Nutrition alleges that Cal-India and AST falsely state that their products contain enteric-coated Serrapeptase and enteric-coated Nattokinase.

World Nutrition brings this action asserting false advertising in violation of the Lanham Act and unfair competition. In its Second Amended Complaint, World Nutrition added Cal-India as a defendant. Cal-India moves to dismiss both claims against it on the grounds of laches.

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When analyzing a complaint for failure to state a claim, "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### II. Analysis

Laches bars a claim where the plaintiff unreasonably delays in bringing suit and the defendant is prejudiced by the delay. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 838 (9th Cir. 2002). A party with unclean hands, however, may not assert laches. *Id.* at 841. "The unclean hands doctrine 'closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.'" *Id.* (quoting *Precision Instr. Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)).

1   To prevail on a defense of unclean hands, a defendant must demonstrate "that the plaintiff's

2   conduct is inequitable" and "that the conduct relates to the subject matter of [the plaintiff's]

3   claims." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987).

4   "[O]nly a showing of wrongfulness, willfulness, bad faith, or gross negligence, proved by

5   clear and convincing evidence, will establish sufficient culpability for invocation of the

6   doctrine of unclean hands." *Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015,

7   1029 (9th Cir. 2018) (quoting *Pfizer, Inc. v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th

8   Cir. 1982)).   Additionally, for Lanham Act false advertising claims, a plaintiff prevails on

9   the unclean hands doctrine "only if the court is left with a firm conviction that the defendant

10  acted with a fraudulent intent in making the challenged claims." *Jarrow Formulas, Inc.*,

11  304 F.3d at 842.  "The application of the unclean hands doctrine raises primarily a question

12  of fact." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).

13          In its Second Amended Complaint, World Nutrition alleges Defendants Cal-India

14  and AST "worked together" to produce the false statements about their products.  (Doc. 86

15  ¶ 28.)  World Nutrition asserts Cal-India had a "significant role" in the claims that the

16  Serrapeptase and Nattokinase are enterically coated and "knowingly participated" in the

17  false advertising.  *Id.* ¶ 30.  World Nutrition also alleges Cal-India and AST have made

18  continuing false statements about the products since at least 2012.  *Id.* ¶ 37.  Additionally,

19  World Nutrition argues that Cal-India and AST's conduct is "driven by an evil mind" and

20  "intended to deceive the public."  *Id.* ¶ 42.  Drawing all reasonable inferences in favor of

21  World Nutrition, World Nutrition has plausibly alleged that Cal-India acted with unclean

22  hands.  Therefore, Cal-India's Motion to Dismiss is denied.

23                                    **CONCLUSION**

24          As World Nutrition sufficiently alleged unclean hands, Cal-India's Motion to

25  Dismiss is denied.  In addition, it is not necessary to rule on the Requests for Judicial Notice

26  as this Court's ruling did not require consideration of the documents contained therein.

27  Accordingly,

28          **IT IS THEREFORE ORDERED** that Defendant Cal-India Foods International's

Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 89) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Request for Judicial Notice Pursuant to Federal Rule of Evidence Rule 201 (Doc. 90) is **DENIED** as **moot**.

**IT IS FURTHER ORDERED** that Plaintiff World Nutrition Incorporated's Request for Judicial Notice Pursuant to Rule 201, Federal Rules of Evidence (Doc. 94) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that Defendant's Request for Judicial Notice in Support of Reply in Support of Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 98) is **DENIED** as **moot.**

Dated this 4th day of December, 2020.

G. Murray Snow
Chief United States District Judge

- 4 -