WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| World Nutrition Incorporated,<br><br>      Plaintiff,<br><br>v.<br><br>Advanced Supplementary Technologies Corp., et al.,<br><br>      Defendants.<br><br>Advanced Supplementary Technologies Corp.,<br><br>      Counterclaimant,<br><br>v.<br><br>World Nutrition Incorporated,<br><br>      Counter Defendant. | No. CV-19-00265-PHX-GMS<br><br>**ORDER** |

      Pending before the Court is World Nutrition, Inc. ("WNI"), Advanced Supplementary Technologies Corp. ("AST"), and Cal-India Foods International's ("Specialty") Stipulation to File Documents in Support of Advanced Supplementary Technologies Corp. and Cal-India Foods International's Motion for Partial Summary

Judgment Under Seal (Doc. 197). For the reasons below, the Stipulation is granted in part and denied in part.

## BACKGROUND

Plaintiff and Counter-Defendant WNI and Defendants and Counter-Complainants AST and Specialty sell enzyme products directly to consumers. (Doc. 132 at 4.) WNI and AST and Specialty are direct competitors that purport to sell products that are either enterically coated or that contain ingredients with enteric coating.[1] Both parties assert that the other is falsely advertising products as containing these enteric coatings when they actually do not. (Docs. 86, 132.) AST and Specialty filed a Motion for Partial Summary Judgment as to WNI's claims against them. Briefing is not yet complete, but all parties now ask the Court to seal certain exhibits submitted in support of the Motion.

## DISCUSSION

A party seeking to seal "motions for summary judgment and related attachments" must overcome a "strong presumption of access to judicial records," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), by articulating "compelling reasons supported by specific factual findings." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Generally, compelling reasons exist when the relevant documents "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order."[2] *Id.*

---

[1] According to the parties, enteric coatings allow enzymes to pass through the acidity of the stomach "until they can be successfully released and absorbed." (Doc. 132 at 4); (Doc. 86 at 6.)

[2] Pursuant to the protective order governing this case, "[n]othing in this order shall be construed as automatically permitting a party to file under seal. The party seeking leave of Court shall show 'compelling reasons' (where the motion is more than tangentially related to the merits of the case) or 'good cause' for filing under seal." (Doc. 129 at 6 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016))).

All parties seek to seal the proposed evidence because "the documents could cause competitive harm to the [p]arties if divulged." (Doc. 197 at 5.) Although the Court finds this to be case with some of the lodged exhibits, it does not believe that to be the case with all of them.

The parties have presented compelling reasons for Exhibits 37, 38, 39, 40, 42, 44, and 55 to be sealed. Courts have recognized competitive harm as a sufficient ground to overcome the presumption in favor of public access. *Nixon*, 435 U.S. at 598 ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing."); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *2–3 (N.D. Cal. May 14, 2021) (collecting cases). These exhibits contain WNI's internal company documents, including information about its business model, financial information, invoices, and pricing information. The Court agrees that, if disclosed, this information could be used "to the [parties'] competitive disadvantage." *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-cv-00457-JST, 2015 U.S. Dist. LEXIS 25948, at *4 (N.D. Cal. Mar. 3, 2015). These exhibits should therefore be sealed.

The parties have also presented compelling reasons for Exhibits 29, 80, and 81 to be sealed. These exhibits describe the formulation and manufacturing of the AST Products. If disclosed, this could put AST at a competitive disadvantage with other nutraceutical companies who enjoy confidentiality. These exhibits should be sealed.

The Court does not believe, however, that compelling reasons exist for Exhibits 13, 30, and 36 to be sealed. Exhibit 13 contains excerpts from Thomas Miano's deposition. The excerpts describe WNI's relationship with its suppliers but do not delve into the specific formula[3] of the WNI Products, nor the manufacturing process. The parties do not adequately explain why the information regarding WNI's suppliers may subject it to competitive disadvantage; the excerpt contains no information about WNI's financial

---

[3] Although the formulas are referenced, no details are disclosed other than that they contain enteric coatings and serrapeptase, both of which have already been disclosed on the public docket. (Doc. 198 at 8.)

relationship with its suppliers nor any other arguably sensitive information. The stipulation is thus denied on this ground.

Likewise, the parties have failed to justify why Exhibit 30 should be sealed. Exhibit 30 contains excerpts from David Savello's deposition. These excerpts mainly address how testing was performed on the products at issue. The Court could find no instances in which clear proprietary information was discussed. Although the Court recognizes that there may be instances in which the names of ingredients are used, it was unable to make a definitive finding of such within the limited context of the excerpts. It is the parties' burden—not the Court's—to show why these exhibits should be sealed, and they have not met that burden. Moreover, to the extent that these few instances may, in fact, reference ingredients, the Court does not believe sealing the entire exhibit is necessary. Mere redactions should suffice, if the appropriate showing can be made that redactions are necessary. Such a showing, however, has not yet been made. The stipulation is thus denied on this ground.

Finally, the parties have failed to justify why Exhibit 36 should be sealed. Exhibit 36 is the Notice of Removal filed in *Marlyn Nutraceuticals, Inc. v. World Nutrition Inc.*, No. 2:02-cv-01876-HRH (D. Ariz.). The Notice of Removal is not a confidential document, nor does it subject WNI to a competitive disadvantage. The Notice is an unsealed part of the public docket and contains virtually no information, other than the existence of the lawsuit and the claims against it, that could competitively harm WNI. This Court will not seal a publicly available court document[4] based on the parties' bare assertion that it is "confidential." (Doc. 197 at 4); *Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). The parties' stipulation is denied on this ground.

---

[4] Although the Notice of Removal is not accessible via PACER because of its age, it is publicly available at the Federal Records Center in Washington, D.C. *Marlyn Nutraceuticals, Inc.*, No. 2:02-cv-01876-HRH, ECF No. 1 ("Copy of complaint and docket sent to Washington, DC."); *Records Disposition Schedule* 2, U.S. Cts., https://www.uscourts.gov/courtrecords/court-records-schedule (last visited June 3, 2022) (noting that case files dated after 1970 that went to trial are preserved permanently).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that WNI, AST, and Specialty's Stipulation to File Documents in Support of Advanced Supplementary Technologies Corp. and Cal-India Foods International's Motion for Partial Summary Judgment Under Seal (Doc. 197) is **GRANTED** in part and **DENIED** in part. The Stipulation is granted as to Exhibits 29, 37, 38, 39, 40, 42, 44, 55, 80, and 81 but denied on all other grounds.

**IT IS FURTHER ORDERED** that AST and Specialty shall file an Amended Statement of Facts with unredacted Exhibits 13, 30, and 36 on the public docket within ten days from the date of this Order. The Clerk of Court shall file Defendants and Countercomplainants Advanced Supplementary Technologies Corp. and Cal-India Foods International's Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment (lodged at Doc. 203) under seal.

Dated this 6th day of June, 2022.

G. Murray Snow
Chief United States District Judge