**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| World Nutrition Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Advanced Enzymes USA, et al.,<br><br>Defendants. | No. CV-19-00265-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff and Counter-Defendant World Nutrition, Inc.'s and Defendants and Countercomplainants Advanced Supplementary Technologies Corp. and Cal-India Foods International's Stipulation to File Documents Partially Under Seal (Doc. 234.)  For the following reasons, the stipulation is granted.

Plaintiff and Defendants have filed cross motions for summary judgment.  Plaintiff has also filed a motion to exclude.  While briefing the motions, the parties filed several motions and stipulations to seal documents related to the motions (Docs. 207, 210, 218, 223).  The Court denied these motions and stipulations because they were overbroad, alleging that large swaths of documents containing primarily public or non-sensitive information should be sealed.  It stated that if the parties seek to seal documents, they "may supplement the motions or stipulations with more specific and particularized requests to seal or redact." (Doc. 232 at 8.)  The parties have now done so.

Both parties filed a stipulation to file several documents supporting the motions for

summary judgment and motion to exclude partially under seal. They seek to redact portions of the documents containing proprietary or sensitive information. A party seeking to seal "motions for summary judgment and related attachments" must overcome a "strong presumption of access to judicial records," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), by articulating "compelling reasons supported by specific factual findings." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Generally, compelling reasons exist when the relevant documents "might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal quotations omitted). Additionally, if sensitive information can be redacted "while leaving other meaningful information," rather than "only meaningless connective words and phrases," redaction is preferred. *Foltz*, 331 F.3d at 1137.

The documents that the parties seek to redact are sufficiently narrow and the stipulation is sufficiently specific to warrant redaction. The parties redact only highly confidential and proprietary information associated with product ingredients and manufacturing methodologies. Parties can meet the compelling reasons standard by showing that the information, if divulged, could cause competitive harm. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221-22 (Fed. Cir. 2013) (applying Ninth Circuit law). Here, the parties seek to redact information associated with the formulation, testing, and manufacturing of specific products. They allege that if the information was divulged to the general public, it could aid competitors in developing competing products or enhancing their own products. Because the parties seek to redact limited portions of documents that directly address such confidential business information, they have demonstrated compelling reasons for the redactions. Additionally, they have cured the overbreadth of their previous requests by eliminating portions of documents that are not sensitive or widely available to the public. As such, the stipulation is granted.

At this time, however, several filings remain incomplete after the Court's September Order denying motions and stipulations to seal (Doc. 232). The parties must ensure that

each document associated with the motions for summary judgment and motion to exclude is properly filed in its entirety. For documents that are approved to be filed redacted or sealed, the entire document must be filed under seal in its unredacted version, and the corresponding redacted version must be filed on the public docket. For documents that the Court has denied previous motions to seal and the parties have not requested to seal or redact in this stipulation, the entire document must be filed on the public docket with no redactions.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff and Defendants' Stipulation to File Documents Partially Under Seal in Support of Parties' Motions for Partial Summary Judgment and WNI's Motion to Exclude (Doc. 234) is **GRANTED.**

**IT IS FURTHER ORDERED** that within seven days of the date of this Order, the parties shall ensure that (1) complete unredacted versions of the filings associated with the motions for summary judgment and motion to exclude are filed under seal and (2) redacted versions of the relevant filings are filed on the public docket consistent with the proposed redactions in the instant stipulation. There shall be no changes made to the text of the motions, responses, or replies, aside from the permitted redactions.

Dated this 14th day of February, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge