**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| World Nutrition Incorporated,<br><br>        Plaintiff,<br><br>v.<br><br>Advanced Supplementary Technologies Corp., et al.,<br><br>        Defendants. | No. CV-19-00265-PHX-GMS<br><br>**ORDER** |
| Advanced Supplementary Technologies Corp., et al.,<br><br>        Counter-Complainants,<br><br>v.<br><br>World Nutrition, Incorporated, et al.,<br><br>        Counter-Defendants. | |

Before the Court is Defendant Advanced Supplementary Technologies Corporation's ("AST") Motion for Reconsideration in Part of Order on World Nutrition Incorporated's ("WNI") Motion to Exclude (Doc. 261). Also before the Court are several motions to seal documents related to the motion for reconsideration and motions in limine (Docs. 262, 271, 277, 281, 285, 288). For the following reasons, the motion for reconsideration is granted, and the motions to seal are granted.

## I. Legal Standard

Under Local Rule 7.2(g), a motion for reconsideration should ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." L.R.Civ. 7.2(g); *see also School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (holding that granting a motion for reconsideration is appropriate where "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"). Moreover, "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." L.R.Civ. 7.2(g)(1). Thus, "mere disagreement with a previous order is an insufficient basis for reconsideration." *See Adame v. City of Surprise*, No. CV-17-03200, 2018 WL 3496955, at *1 (D. Ariz. July 20, 2018).

## II. Analysis

The motion for reconsideration is granted to prevent a potentially manifestly unjust result. When the Court excluded Dr. Clevenger's opinion based on testing using AET's standard analytical procedure ("SAP"), it did so on the narrow grounds that it was unclear what Dr. Clevenger meant when he said the procedure was "generally consistent" with the Japanese Pharmocopeia ("JP") monograph for serrapeptase. (Doc. 255 at 6.) While AST indicated that he deviated from the procedure in small and, in its view, irrelevant ways, it did not clarify what those deviations were and why they should not matter. On the motion for reconsideration, AST provides the requisite clarity.

AST now explains that the reason Dr. Clevenger used the term "generally consistent" when describing the SAP is because the SAP involves an increased level of detail and specificity. He explains that the "JP Monograph broadly describes what to do for a serrapeptase activity assay, while the SAP details how to do it." (Doc. 261-1 ¶ 7.) He further explains that the SAP is "entirely based on the JP Monograph," showing the various procedures in the JP Monograph and the corresponding (in some instances, more

detailed) procedures in the SAP. (Doc. 261-1 ¶¶ 8-9.) WNI apparently does not dispute these explanations, instead asserting that testing based for serrapeptase activity is irrelevant in a case about enteric coating. Not only is this argument unresponsive to the basis on which the Court excluded the opinion, it ignores the breadth of AST's claims, which clearly challenge WNI's statements about the effectiveness of its products. That inquiry unquestionably involves inquiry into serrapeptase activity. Had the Court been provided the information that AST now provides on the Motion to Exclude, it would not have found Dr. Clevenger's opinions based on his performance of AET's standard analytical procedure unreliable.

To be sure, AST could have presented these arguments in its response to the Motion to Exclude. And while ordinarily a motion for reconsideration should not be used to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation," there is reason to believe failing to allow it could cause an unjust result. *See Payne v. Shinn*, No. CV-20-0459, 2023 WL 142909, at *2 (D. Ariz. Jan. 10, 2023). For example, AST explains, and WNI does not appear to dispute, that WNI obtained testing of products using a different company's standard operating procedure. That procedure was likewise based on the JP Monograph and similarly was "modified to collaborate with the daily functions" of the testing company. (Doc. 261 at 7.) The testing company ("ABC Testing") explained that the JP Monograph is general, rather than specific, so a standard operating procedure must add several details. (Doc. 261 at 8.)

In arguing the motion to exclude, WNI first asserted that the SAP is not a compendial model. In response, AST explained that the method was generally consistent with the JP Monograph. In reply, WNI further argued that Dr. Clevenger does not explain what he means by "generally consistent." While AST could have further explained the distinctions between the JP Monograph and the SAP, in light of WNI's similar testing, their failure to do so is at least reasonable. After WNI raised potential inconsistencies in the reply, AST was unable to respond. Given AST's reasonable explanation of the deviations between a standard operating procedure and the JP Monograph, and WNI's knowledge of

comparable deviations in its own testing, exclusion of the SAP testing appears unjust, or at the very least, premature. As such, the Motion for Reconsideration is granted and the Motion to Exclude is denied as to Dr. Clevenger's testing based on the SAP.

### III. Motions to Seal

As for the motions to seal, some of the motions seek to seal information that has either previously been sealed by the Court or contains the same types of proprietary and competitive information that the Court has previously sealed in this case. For example, AST seeks to seal documents detailing ABC Testing's protocol, which contains details specific only to ABC testing and documents relevant the AET's standard analytical procedure. Other motions to seal seek to seal documents that detail WNI's expenses and financing. Because these documents contain proprietary information that could cause competitive harm if divulged, the parties have demonstrated compelling reasons to seal the documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). As such, the motions to seal are granted.

### CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that AST's Motion for Reconsideration (Doc. 261) is **GRANTED**. The Motion to Exclude Jason Clevenger's Testimony (Doc. 209) is **GRANTED** in part and **DENIED** in part. It is granted as to his opinions about the efficacy of AST's enteric coated nattokinase and denied as to the remainder of his opinion. The Court's Order ruling on the Motion to Exclude is modified accordingly (Doc. 255).

**IT IS FURTHER ORDERED** that the following motions to seal are **GRANTED**: Doc. 262, Doc. 271, Doc. 277, Doc. 281, Doc. 285, Doc. 288.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file the following lodged documents under seal: Doc. 263, Doc. 274, Doc. 282, Doc. 284, Doc. 287, Doc. 290.

Dated this 16th day of August, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge